Hazleton Area Education Association, Appellant
v. Commonwealth of Pennsylvania, Pennsylvania
Labor Relations Board, Appellee.

Argued April 10, 1985, before President Judge CRUMLISH, JR., and Judges ROGERS, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Peter J. O'Brien, O'Brien and Miller,* for appellant.

*John B. Neurohr,* with him, *James L. Crawford, William J. Maikovick* and *Kathryn Speaker MacNett,* for appellee.

Thomas H. Kohn, with him, Thomas W. Jennings, Sagot & Jennings, for intervenor appellee, Hazleton Area Federation of Teachers.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 27, 1985:

The Luzerne County Common Pleas Court affirmed a Pennsylvania Labor Relations Board decision ordering the Hazleton Area Education Association to reimburse each non-union bargaining unit member. The Association appeals; we affirm.

In *Hazleton Area School District v. Hazleton Area Education Association,* 47 Pa. Commonwealth Ct. 255, 408 A.2d 544 (1979), the Association successfully recovered wrongfully withheld wages for 600 members of its bargaining unit of whom approximately 300 employees are dues-paying Association members. Prior to distribution to each unit member, the Association required each unit member to pay a $12 "administrative fee" for its cost of litigation. The Hazleton Area Federation of Teachers (Federation), a separate union which represents approximately 200 bargaining unit members, filed an unfair labor practice charge against the Association, alleging violation of Section 1201(b)(1) of the Public Employe Relations Act (PERA).[1]

Our scope of review of an unfair labor practice Board decision is limited to a determination of whether the Board's findings are supported by substantial evidence and whether the conclusions drawn therefrom are reasonable and not capricious, arbitrary or illegal. *Minersville Area School District v. Pennsylvania Labor Relations Board,* 82 Pa. Commonwealth Ct. 506, 475 A.2d 962 (1984).

The issue is whether it is an unfair labor practice for a certified collective bargaining representative to

[1] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.1201.

uniformly assess the cost of litigation against all union and non-union members of a particular bargaining unit.

The Association contends that requiring the payment of the fee does not compel non-union members to "assist" or "join" the union.[2] Rather, the Association argues that Section 903 of PERA[3] expressly provides that "[t]he costs of arbitration shall be shared equally by the parties." We disagree.

Public employees have the right under Section 401 to refrain from joining or assisting employee organizations. See *Pennsylvania Labor Relations Board v. Zelem,* 459 Pa. 399, 329 A.2d 477 (1974). The only exception is where the employee's assistance is "required pursuant to a maintenance of membership provision in a collective bargaining agreement." Section 401 of PERA. Such a provision can only provide that union members pay all dues and assessments while registered as a condition of employment.[4]

---

[2] Section 401 of PERA, 43 P.S. §1101.401 provides:

It shall be lawful for public employes to organize, form, join or assist in employe organizations or to engage in lawful concerted activities for the purpose of collective bargaining or other mutual aid and protection or to bargain collectively through representatives of their own free choice and such employes shall also have the right to refrain from any or all such activities, except as may be required pursuant to a maintenance of membership provision in a collective bargaining agreement.

[3] 43 P.S. §1101.903(2) provides:

(2) The costs of arbitration shall be shared equally by the parties. Fees paid to arbitrators shall be based on a schedule established by the Bureau of Mediation.

[4] Section 705 of PERA, 43 P.S. §1101.705 provides:

Membership dues deductions and maintenance of membership are proper subjects of bargaining with the proviso that as to the latter, the payment of dues and assessments while members, may be the only requisite employment condition.

We hold that the fee assessment of non-union unit members violates PERA and constitutes an unfair labor practice by usurping an employee's right to refrain from assisting employee organizations.

Section 903 of PERA supports our conclusion. We have consistently held that only the bargaining representative and the employer are the "parties" to an arbitration award. *Maggs v. Pennsylvania Labor Relations Board*, 50 Pa. Commonwealth Ct. 549, 413 A.2d 453 (1980). A bargaining unit member is not a "party" to the agreement.

Affirmed.

### ORDER

The decision of the Luzerne County Common Pleas Court at No. 1117-C of 1982 dated January 9, 1984, is affirmed.

Judge DOYLE dissents.