545 A.2d 426

American Federation of State, County and Municipal Employees, District Council 33, Local 159, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellee.

American Federation of State, County and Municipal Employees, District Council 33, AFL-CIO and AFSCME Local 159, Appellants *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellee.

Argued December 15, 1987, before Judges BARRY and COLINS, and Senor Judge BARBIERI, sitting as a panel of three.

*Samuel L. Spear,* with him, *Louis H. Wilderman, Spear, Wilderman, Sigmond, Borish, Endy and Silverstein,* for appellants.

*John Best Neurohr,* with him, *James L. Crawford,* for appellee.

*Anthony C. Busillo, II,* for intervenor, Lodge No. 5, Fraternal Order of Police.

OPINION BY JUDGE BARRY, August 1, 1988:

This case concerns the union representation of deputy sheriffs in the Philadelphia County Sheriff's office. The deputy sheriffs had been represented by Appellant, the American Federation of State, County and Municipal Employees (AFSCME), for several years prior to 1984. In that year a representation election was conducted by the Pennsylvania Labor Relations Board (PLRB) in which the deputy sheriffs overwhelmingly chose the Fraternal Order of Police (FOP) as their collective bargaining representative. AFSCME before the election had filed two charges of unfair labor practices with the PLRB against the City and County of Philadelphia and Sheriff Ralph Passio and filed a third charge shortly after the election. The charges were ultimately dismissed by the PLRB. AFSCME filed two petitions with the Philadelphia County Common Pleas Court seeking review of the order dismissing the charges and the order certifying the results of the election. The petitions were consolidated and the court affirmed the PLRB's orders. Two separate appeals regarding each order were filed with this court and were subsequently consolidated.

Our scope of review is limited to determining whether the PLRB's findings are supported by substantial evidence and whether its conclusions are reasonable and not capricious, arbitrary or illegal. *Hazleton Area Education Assoc. v. Pennsylvania Labor Relations Board*, 93 Pa. Commonwealth Ct. 646, 503 A.2d 71 (1985). We accept the PLRB's conclusions and therefore affirm.

The first charge of unfair labor practice concerns the fact that the Sheriff implemented changes in the conditions of employment without consulting or negotiating with AFSCME. This charge was withdrawn after both sides agreed to negotiate, but AFSCME later sent a let-

ter to the PLRB alleging that the Sheriff had violated the agreement by refusing to negotiate. The PLRB treated the letter as an exception to the Nisi Order of Withdrawal which had been issued.

In its Final Order dismissing the charges, the PLRB found that both parties had attempted to negotiate but failed because of scheduling conflicts. This finding is supported by substantial evidence and will not be overturned.

The second charge of unfair labor practice is that Sheriff Passio aided the FOP in attempting to unseat AFSCME as representative of the deputy sheriffs. The third charge alleges that Sheriff Passio influenced the representation election in which the FOP was chosen to replace AFSCME. In addition to these charges, in its petition for review of the Order of Certification, AFSCME argues that Sheriff Passio's active membership in the FOP should have disqualified the FOP as a permissible choice in the representation election. All of these issues relate to the election of the FOP as the collective bargaining representative and will be discussed together.

According to the PLRB's April 11, 1985 order which dismissed the unfair labor practice charges there was conflicting testimony whether Sheriff Passio had expressed a preference for the FOP to represent the deputy sheriffs. The Hearing Examiner and the PLRB found that he had not. This finding is supported by substantial evidence and, in fact, AFSCME does not appear to be appealing this specific issue in its brief to this court. We note, however, for the purposes of the general allegations of conflict of interest, that the Sheriff has a First Amendment right to express his opinion concerning his union preference as long as he makes no actual or veiled threat of reprisal or benefit to the employees for the positions they take. *Pennsylvania Labor*

*Relations Board v. Stairways, Inc.,* 56 Pa. Commonwealth Ct. 462, 425 A.2d 1172 (1981). There is no evidence that the Sheriff attempted to coerce his employees in any way and the fact that the deputy sheriffs had been attempting to obtain FOP representation for several years prior to Passio becoming Sheriff, coupled with the overwhelming victory of the FOP in a secret ballot election, is substantial evidence in support of the PLRB's finding and the Common Pleas Court's affirmance that the Sheriff did not improperly influence the election.

The main argument of AFSCME is that, because of the Sheriff's active membership in the FOP, the FOP should have been disqualified as a permissible choice in the representation election and should not have been certified as the deputy sheriffs' bargaining representative. AFSCME alleges that a conflict of interest exists between Sheriff Passio's union and management roles.

The question to be answered here is whether a person in a managerial position such as sheriff is permitted to belong to the same organization which represents employees. As the PLRB points out in its brief (p. 23), the FOP enjoys a "hybrid nature" as a union and a professional organization. Its brief also points out that other public employee organizations share this hybrid nature and they give the example of a school superintendent belonging to the Pennsylvania State Education Association.

While the PLRB has established that persons in managerial positions often belong to organizations which represent their employees, the ultimate question which we must answer is whether such a practice is allowed under the Public Employee Relations Act (PERA), the statute which AFSCME claims has been violated. Section 1801 of the act states:

(a) No person who is a member of the same local, State, national or international organization

as the employe organization with which the public employer is bargaining or who has an interest in the outcome of such bargaining which interest is in conflict with the interest of the public employer, shall participate on behalf of the public employer in the collective bargaining processes with the proviso that such person may, where entitled, vote on the ratification of an agreement.

(b) Any person who violates subsection (a) of this section shall be immediately removed by the public employer from his role, if any, in the collective bargaining negotiations or in any matter in connection with such negotiations.[1]

This section specifically contemplates the situation where a person in a managerial position is a member of an organization which represents employees. The statute does not provide for the removal of these persons from their positions or compel them to discontinue their membership. Instead, the only proscription is that such persons may not participate in the bargaining process. The statute does not specifically address the question whether someone at as high a level as a sheriff may belong to such an organization, but it is not unreasonable or arbitrary for the PLRB to conclude that it is permissible.

In addition to the previous section, our attention has also been directed to the Act of June 29, 1976, P.L. 460, 16 P.S. 1620 (Supp. 1988), the effect of which is to make the Philadelphia City Council the sole bargaining representative in negotiations with the deputy sheriffs. By virtue of this section, it would appear that the Sheriff is statutorily removed from the collective bargaining

---

[1] §1801 of the Act of July 23, 1970, P.L. 563, 43 P.S. §1101.1801 (Supp. 1988).

process. This should address the concerns of AFSCME, but AFSCME argues that the Sheriff cannot be removed from the collective bargaining process because of the nature of his position. There is no need for this court to speculate whether the Sheriff will be involved in the bargaining process or not. If the Sheriff participates in future negotiations to the dissatisfaction of the deputy sheriffs, the FOP or the deputy sheriffs themselves have the option of filing unfair labor practice charges with the PLRB. Also, the deputy sheriffs may choose another union at some point in the future if they are dissatisfied with the FOP.

The last issue which we must address is whether the PLRB had jurisdiction to order the representation election. The City of Philadelphia passed an ordinance in 1961 which authorized the Mayor to enter into an employment agreement with AFSCME for certain city employees. AFSCME thus acquired the exclusive right to represent those employees. When the PERA was enacted, a "grandfather" provision was included which preserves the validity of the 1961 ordinance "so long as the present provisions of that ordinance are valid and operative."[2] In 1980 another ordinance was enacted which removed deputy sheriffs from the coverage of the 1961 ordinance. AFSCME argues that the 1980 ordinance is an unconstitutional impairment of contract and that, even if it is constitutional, the ordinance does not remove AFSCME as the representative of the deputy sheriffs. These arguments are without merit.

AFSCME tries to characterize the 1980 ordinance as a unilateral change by the City of a collective bargaining agreement. This is the basis of the impairment of contract argument. The problem with AFSCME's

---

[2] §2003 of the Act of July 23, 1970, P.L. 563, 43 P.S. §1101.2003 (Supp. 1988).

reasoning is that the 1961 ordinance is referred to as if it were the collective bargaining agreement because it contains a sample agreement. The actual agreement which covered the deputy sheriffs expired in 1984. Nothing was ever done to impair this contract during the time it was valid. As for the 1961 ordinance, the City of Philadelphia has every right to alter or repeal its ordinances, as Judge WHITE of the Court of Common Pleas of Philadelphia County pointed out in his opinion.

AFSCME's alternative argument is that even if the 1980 ordinance is valid, the portion of the 1961 ordinance which was amended deals only with union membership and not union recognition, and that this distinction means that AFSCME is still the recognized union. We do not accept this argument. The intention of the City Council was clearly to remove deputy sheriffs from the coverage of the 1961 ordinance.

For the foregoing reasons, we affirm the decision of the Court of Common Pleas of Philadelphia County.

### ORDER

NOW, August 1, 1988, the March 31, 1986 order of the Court of Common Pleas of Philadelphia County entered April 7, 1986, at No. 1842, May Term, 1985, Civil Trial Division, and amended May 6, 1986 to indicate that the original order also should have disposed of No. 4461, August Term, 1985, Civil Trial Division, is affirmed.

Judge COLINS dissents.