552 A.2d 1180

Bloomsburg University of Pennsylvania of The State System of Higher Education, Petitioner *v.* Association of Pennsylvania State College and University Faculties, Respondent.

Argued December 13, 1988, before Judges CRAIG, BARRY and SMITH, sitting as a panel of three.

*Robert A. Mulle,* University Legal Counsel, for petitioner.

*James L. Cowden, Strokoff & Cowden,* P.C., for respondent.

OPINION BY JUDGE CRAIG, January 27, 1989:

Bloomsburg University of the Pennsylvania State System of Higher Education (SSHE) appeals an award issued by Arbitrator Ira Jaffe ordering the reinstatement of Dr. Robert Obutelewicz to probationary status at the university and granting him the right to reapply for tenure. We affirm.

The university hired Dr. Obutelewicz as an assistant professor of economics in 1982. In December of 1986, Dr. Obutelewicz submitted a request for tenure as permitted by the collective bargaining agreement (contract) between the SSHE and the Association of Pennsylvania State College and University Faculties (APSCUF). The contract creates a tenure-granting procedure, following a five-year probationary period, in which an application is reviewed by a faculty member's department tenure committee, department chairperson and the university tenure committee. Based on their respective recommendations, the president makes the final decision.

In Dr. Obutelewicz's case, the department committee and chair recommended tenure, but the university committee did not. President Harry Ausprich then denied the request for tenure.

Article XV, section E.3., *Tenure,* of the agreement permits a faculty member to grieve the denial of tenure when the president denies tenure following a positive recommendation from at least two of the three reviewers. On the basis of that provision, Dr. Obutelewicz filed a grievance on September 28, 1987, alleging that the university violated Article XII, *Performance Review and*

*Evaluation of the Faculty,* of the agreement when President Ausprich denied the application for tenure. After proceeding through the grievance steps outlined in Article V, *Grievance Procedure and Arbitration,* APSCUF requested that the matter be arbitrated.

Arbitrator Jaffe found that the university violated the agreement by failing to consider all of the relevant evidence submitted. The award did not grant Dr. Obutelewicz tenure, but instead remanded the matter to the university for reprocessing a new tenure-request application to be filed no later than December 31, 1988. The award also reinstated Dr. Obutelewicz to fifth-year probationary status in the interim, thus returning him to "a position which approximates the *status quo* as best as practicable in this case," according to the arbitrator.

The SSHE now appeals, claiming that the award has created "an open-ended review period" resulting from the second tenure review that would occur approximately one-and-one-half years beyond the end of the prescribed five-year probationary period provided for in the agreement. The SSHE contends (1) that the arbitrator exceeded his authority in creating a sixth year of probation in violation of the terms and conditions of the agreement, and (2) that the arbitrator erred in considering evidence of Dr. Obutelewicz's performance which occurred before and after the five-year evaluation period.

This court's scope of review of an arbitrator's award is limited to a determination of whether the award "draws its essence from the collective bargaining agreement." *Teamsters Local Union No. 77 v. Pennsylvania Turnpike Commission,* 17 Pa. Commonwealth Ct. 238, 242, 331 A.2d 588, 589-90 (1975) (quoting *United Steelworkers of America v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed. 2d 1424 (1960)). The award draws its essence from the agreement

'. . . if the interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention; *only where there is a manifest disregard of the agreement,* totally unsupported by principles of contract construction and the law of the shop, *may a reviewing court disturb the award.'* (Emphasis added.)

*Teamsters Union 77,* 17 Pa. Commonwealth Ct. at 242, 331 A.2d at 590 (quoting *Ludwig Honold Manufacturing Co. v. Fletcher,* 405 F.2d 1123, 1128 (3rd Cir. 1969)).

The agreement stipulates that the probationary period shall run for five full academic years (Article XV, section B) and that a "probationer's sixth year of employment shall be a terminal year of employment" in the event that tenure has not been granted. Article XV, section C. However, Article V, section A, defining the "intent" of the agreement, states that it is "the declared objective of the SSHE/UNIVERSITIES and APSCUF to encourage the just resolution of grievances."

Because the essence rule emphasizes that an award will not be disturbed so long as it is derived from the "parties' intention," we must give particular weight to the "just resolution" clause of this agreement. Furthermore, "[a]n arbitrator must be given a certain amount of flexibility to reach an amicable solution and should not be limited in his problem solving to the exact language of the grievance." *McKeesport Area School District v. McKeesport Area Education Association,* 56 Pa. Commonwealth Ct. 224, 229, 424 A.2d 979, 982 (1981).

We cannot interfere with the arbitrator's determination "that the grievant was deprived of his contractual right to receive a fair, considered review of his tenure application pursuant to the criteria established by the Agreement," because only mistakes of law can be recti-

fied on appeal, *City of Lebanon v. District Council 89, American Federation of State, County and Municipal Employees AFL-CIO,* 36 Pa. Commonwealth Ct. 442, 388 A.2d 1116 (1978). Therefore, Dr. Obutelewicz is entitled to a remedy at the university's expense.

Article XV of the agreement structures reviews of tenure applications at a defined period by enumerated reviewers. The purpose of a tenure-granting review is to evaluate one's complete performance. To ignore Dr. Obutelewicz's performance during his entire employment period, including a year which has transpired during the course of remedying the violation, would amount to an evaluation of only a partial performance; artificially excluding part of the actual elapsed time from the review process would be unrealistic. Furthermore, when the reviewers evaluate the tenure application anew, they will still have the prerogative to decide whether that year contributes positive or negative factors. Therefore, we hold that this award is rationally derived from the essence of Articles V and XV of the agreement.

As for the SSHE's contention that the arbitrator erred in considering evidence of performance which occurred before and after the five-year evaluation period, "[i]t is not our province to probe the mental processes of an arbitrator and to determine what role a piece of evidence or brief might have played in an arbitrator's decision." *Hazleton Area School District v. Hazleton Area Education Association,* 47 Pa. Commonwealth Ct. 255, 262, 408 A.2d 544, 547 (1979) (citing *Wark & Co. v. Twelfth & Sansom Corp.,* 378 Pa. 578, 107 A.2d 856 (1954)).

We recognize that the agreement stipulates that "[t]he arbitrator shall have no authority to add to, subtract from, or modify this Agreement." Article XV, section D. We also recognize that, unless the agreement specifically addresses the decided award, any award could be construed as a modification.

The arbitrator must be permitted a great degree of discretion in fashioning an award, consistent with the intent of the agreement, that resolves the situation in a just manner. In light of the fact that Arbitrator Jaffe remedied a specific violation of the agreement and did not explore territories beyond his area of expertise, in that he expressly declined to evaluate the tenure application, he did not exceed his authority and there is no need for this court to disturb the award.

Accordingly, we affirm the award the arbitrator.

ORDER

NOW, January 27, 1989, the award of the American Arbitration Association, dated July 29, 1988, at No. 87-004 BL, is affirmed.