557 A. 2d 795

·Delaware County Solid Waste Authority, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board and International Union of Operating Engineers, Local 542, Appellees.

Argued December 13, 1988, before President Judge CRUMLISH, ·JR., Judge MCGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*Joseph J. Costello,* with him, *Timothy P. O'Reilly, Morgan, Lewis & Bockius,* and *Michael F.X. Gillin,* for appellant.

*John B. Neurohr,* with him, *James L. Crawford,* for appellee, Pennsylvania Labor Relations Board.

*Jonathan Walters,* with him, *Laura J. Lifsey, Kirschner, Walters & Willig,* for appellee, International Union of Operating Engineers, Local 542, AFL-CIO.

OPINION BY SENIOR JUDGE NARICK, April 14, 1989:

Delaware County Solid Waste Authority (Authority) appeals from a decision of the Court of Common Pleas of Delaware County which affirmed a Pennsylvania Labor Relations Board (PLRB) order dismissing its exceptions to an order certifying Local 542 of the International Union of Operating Engineers (Union) as the official bargaining unit for the Authority's service and maintenance non-professional employees.

The Union filed a petition for representation with the PLRB on November 6, 1985. Following resolution of a

collateral matter not pertinent here, a hearing was held on the representation petition on February 19, 1987, at which time the Union and the Authority entered into a Memorandum of Agreement, stipulating to the bargaining unit composition, site for the election and an eligibility list of fifteen employees. The cutoff date for eligibility to vote was set for February 28, 1987, the last day of the payroll period immediately preceding the issuance of the election order on March 6, 1987. The election was set for April 3, 1987.

The election was conducted on that date by an election officer assigned by the PLRB. Three of the ballots cast were challenged by the election officer and the PLRB directed that testimony be taken regarding the eligibility of the three voters. The Authority and the Union agreed instead to submit a stipulation of facts.

The three votes challenged were cast by David Gorton, Mark Sleinkofer and Daryl Swavely. A hearing examiner dismissed the challenge to the ballot cast by Sleinkofer, but sustained those to Gorton's and Swavely's ballots, as they had not begun working for the Authority until March 8, and March 3, 1987 respectively. The examiner did not canvass Sleinkofer's ballot because his vote would not have affected the outcome of the election (8 to 6 in favor of the Union).

On July 15, 1987, an order certifying the Union as the employees' official bargaining agent was entered. The Authority excepted to the order, arguing that Swavely's ballot should have been canvassed because Swavely would have worked before the cutoff date had he not been ill. (Gorton's ineligibility was not challenged.) The Authority argued that Swavely was hired on February 12, 1987 and was scheduled to begin work on February 16, 1987. Due to an attack of bronchitis, he was unable to report for work until March 3, 1987.

The PLRB affirmed the hearing examiner's decision. The Authority now appeals the trial court's dismissal of its appeal, arguing that the trial court erred as a matter of law in affirming the PLRB's decision.

As the PLRB points out, our scope of review of a final order of the PLRB is narrow and is limited to a determination of whether the findings of the PLRB are supported by substantial evidence and whether the conclusions drawn from those facts are reasonable and not capricious, arbitrary or illegal. *St. Joseph's Hospital v. Pennsylvania Labor Relations Board,* 473 Pa. 101, 373 A.2d 1069 (1971); *AFSCME, Local 159 v. Pennsylvania Labor Relations Board,* 118 Pa. Commonwealth Ct. 312, 545 A.2d 426 (1988). Further, as the Authority has not challenged the factual findings, they are conclusive on appeal. *Pennsylvania Labor Relations Board v. APSCUF/PAHE,* 24 Pa. Commonwealth Ct. 337, 355 A.2d 853 (1976).

The Authority argues that the PLRB's conclusions were unreasonable, arbitrary and capricious, relying on an illness exception to the general rule that employees not working on the cutoff date are ineligible to vote.

As all of the parties agree, the general eligibility rule of the National Labor Relations Board (NLRB) was adopted by the PLRB in *Catchment Area 094 Corp.,* 9 Pa. Pub. Employee Rep. (Labor Relations Press) ¶9143 (1978). In order to be eligible to vote in PLRB-conducted elections, an employee must be hired and working on or before the eligibility cutoff date which is set as the final day of the payroll period immediately preceding the date of the issuance of the order scheduling the election.

The NLRB has fashioned an exception to this rule to cover employees who are not working on the cutoff date because of illness. The PLRB has applied this exception in *Luzerne County,* 10 Pa. Pub. Employee Rep. ¶10227 (1979). In that case, a nurses' aide who had previously

worked for the employer, but who was on a medical leave of absence on the cutoff date, was allowed to vote. The Authority argues that the PLRB's failure to recognize the exception in this case is unreasonable, relying principally on the policy reasons that it is unfair to disenfranchise Swavely and that such action is contrary to the PLRB policy of "allow[ing] as many employes as possible who have an interest in the outcome of the election to vote for or against representation." *Catchment Area 094 Corp.*

In its brief, the PLRB outlines other policy concerns it has in establishing eligibility, which the Authority does not consider and which lead us to conclude that the PLRB's actions were reasonable. The competing concerns which the PLRB had to balance in establishing an eligibility cutoff date include: (1) ensuring that the conduct of the representation election would be smooth and efficient, with the parties aware of who is eligible to vote in the election, thus allowing them to conduct lawful campaigning among those eligible to vote; (2) ensuring that unscrupulous employers would not attempt to "pack the list" by hiring additional employees just prior to the representation election in order to vote against the union; (3) ensuring that as many employees as possible with a legitimate interest in the outcome of the election would be able to cast ballots; and (4) ensuring that those eligible to vote would have at least reported for work to minimally establish a community of interest with the other employees of the employer.

Here, the PLRB found that Swavely was not ineligible to vote because he was ill, but because he had performed no work for the Authority prior to the cutoff date. In effect, the Authority is arguing that the cutoff rule itself is unreasonable. In rejecting that argument, the PLRB, in its decision, summarized the reasons behind the eligibility cutoff date rule:

[T]he choice of an eligibility cutoff date represents the balancing of several competing concerns. The Board noted that one purpose of an eligibility cutoff date is the smooth and efficient conduct of the representation election, with all parties aware of who is eligible to vote. This allows the parties to conduct lawful campaigning among those employes eligible to vote. These concerns would lead to the setting of a cutoff date well before the conduct of the election. The Board was also concerned with having as many employes as possible with a legitimate interest in the election be afforded an opportunity to vote. This would lead to the setting of a cutoff date closer to the time of the conduct of the election. The Board balanced these competing concerns and chose the payroll period immediately preceding the Board's election order as the eligibility cutoff date.

In reviewing the PLRB's decision here, we are mindful that we " '[must] not lightly substitute [our] judgment for that of a body selected for its expertise whose experience and expertise make it better qualified than a court of law to weigh facts within its field.' " *Appeal of Cumberland Valley School District,* 483 Pa. 134, 140, 394 A.2d 946, 949 (1978), *quoting Pennsylvania Labor Relations Board v. Butz,* 411 Pa. 360, 377, 192 A.2d 707, 716 (1963).

The PLRB here has adopted the so-called "pre-work" rule which the NLRB applies. In its decision, it cited the Seventh Circuit case of *National Labor Relations Board v. Tom Wood Datsun, Inc.,* 767 F.2d 350 (7th Cir. 1985), in which that court discussed the NLRB rule that employees be hired and working as of the cutoff date. In examining whether the rule was reasonable, the court concluded that the rule served the dual function of operating

as a prophylactic against an employer's attempt to manipulate an election by hiring anti-union employees just prior to an election and providing a simple and fair method of determining whether newly hired employees are part of the bargaining unit.

The Authority argues that *Tom Wood Datsun* is inapposite because it did not involve employees who were ill on the cutoff date. As noted above, however, the PLRB's decision was based upon the fact that Swavely, like the two employees in *Tom Wood Datsun,* did not work before the cutoff date. While the PLRB's decision here undoubtedly operates to deprive an employee who has an interest in the outcome of a representation election of the opportunity to vote, we simply are unable to conclude that the PLRB's decision was arbitrary, capricious or illegal. Further, in all of the cases cited by the Authority to convince us that we should apply the illness exception to Swavely's case, the employees who were allowed to vote under the exception had previously performed work for the appropriate bargaining unit.

The PLRB's decision here was the product of a longstanding eligibility cutoff date rule designed to balance competing policy concerns. We cannot conclude, as a matter of law, that the PLRB's application of the rule in this case was unreasonable, arbitrary or illegal. Accordingly, we shall affirm the order of the trial court which affirmed the PLRB's order.

## ORDER

AND NOW, this 14th day of April, 1989, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed.