Chambersburg Area School District *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board et al.

District Council 89, American Federation of State, County and Municipal Employees, AFL-CIO, Appellant.

Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellant *v.* Chambersburg Area School District, Appellee.

Argued April 10, 1981, before Judges BLATT, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Alaine S. Williams,* with her, *Theodore M. Lieverman, Kirschner, Walters & Willig,* for appellant, American Federation of State, County and Municipal Employees, District Council 89, AFL-CIO.

*James L. Crawford,* with him, *Anthony C. Busillo, II,* for appellant, Pennsylvania Labor Relations Board.

*Jan G. Sulcove, Black and Davison,* for appellee.

OPINION BY JUDGE MACPHAIL, June 12, 1981:

This is a consolidated appeal by the American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME) and the Pennsylvania Labor Relations Board (Board) from an order of the Court of Common Pleas of Franklin County which reversed the Board's determination that the Chambersburg Area School District (School District) committed an unfair labor practice, as defined by Section 1201(a) (5) of the Public Employe Relations Act (Act 195),[1]

---

[1] Act of July 23, 1970, P.L. 563, 43 P.S. §1101.1201(a)(5).

by unilaterally invoking a ban on smoking in School District buildings.

On September 8, 1976 the School District adopted a policy to ban all smoking in public school biuldings, effective November 1, 1976. The policy applies to all School District employees and provides for disciplinary action for violations thereof. It is undisputed that the School District did not offer to negotiate with AFSCME relative to the no smoking policy prior to its adoption. AFSCME, as exclusive collective bargaining representative for the unit of custodial personnel employed by the School District, filed a charge of unfair practices with the Board on October 28, 1976 alleging a refusal to bargain in good faith.[2] Based on evidence adduced at two hearings the Board issued a nisi decision and order concluding that the School District had committed an unfair labor practice and that the matter of a smoking policy constitutes a mandatory subject of bargaining under Section 701 of Act 195, 43 P.S. §1101.701. The School District filed exceptions to the Board's ruling which were dismissed and the nisi order was made final. The School District appealed the final order to the Court of Common Pleas of Franklin County which reversed the Board finding that: 1) the smoking prohibition is a matter of inherent managerial policy and is therefore excluded from the scope of mandatory bargaining by force of Section 702 of Act 195, 43 P.S. §1101.702, and 2) by virtue of a "finality" clause contained in the collective bargaining agreement signed by AFSCME

---

[2] The Chambersburg Area Education Association filed a similar charge on November 8, 1976 as the bargaining representative of teachers, guidance counselors and others. The two charges were consolidated for hearings before a Board hearing examiner; however, the Association is not a party to the instant appeal. In fact, the Association did not prevail before the Board due to the Board's conclusion that a "finality" clause in the Association's contract with the School District satisfied their statutory obligation to bargain.

and the School District on December 9, 1976, AF-SCME waived its right to bargain relative to the smoking policy. The instant appeals followed.

Our review in a case of this nature is limited to a determination of whether or not the findings of the Board are supported by substantial and legally credible evidence and whether or not the conclusions based thereon are reasonable and not capricious, arbitrary or illegal. *Pennsylvania Labor Relations Board v. Bald Eagle Area School District,* 44 Pa. Commonwealth Ct. 254, 403 A.2d 1038 (1979).

The threshold issue presented for our determination is whether or not a smoking policy is a mandatory subject of bargaining under Act 195.

The resolution of this issue is guided by our Supreme Court's interpretation in *Pennsylvania Labor Relations Board v. State College Area School District,* 461 Pa. 494, 337 A.2d 262 (1975), of Sections 701 and 702 of Act 195. Section 701 provides:

> Collective bargaining is the performance of the mutual obligation of the public employer and the representative of the public employes to meet at reasonable times and confer in good faith with respect to wages, hours and other terms and conditions of employment, or the negotiation of an agreement or any question arising thereunder and the execution of a written contract incorporating any agreement reached but such obligation does not compel either party to agree to a proposal or require the making of a concession.

Section 702 states:

> Public employers shall not be required to bargain over matters of inherent managerial policy, which shall include but shall not be limited to such areas of discretion or policy as the functions and programs of the public employer,

standards of services, its overall budget, utilization of technology, the organizational structure and selection and direction of personnel. Public employers, however, shall be required to meet and discuss on policy matters affecting wages, hours and terms and conditions of employment as well as the impact thereon upon request by public employe representatives.

In its *State College* opinion, the Supreme Court determined that Sections 701 and 702, when read together, require that a balance be struck between the Section 701 mandatory subjects of bargaining and the Section 702 managerial prerogatives which need not be bargained. "In striking this balance the paramount concern must be the public interest in providing for the effective and efficient performance of the public service in question." *State College,* 461 Pa. at 506, 337 A.2d at 268. The Supreme Court's holding establishes the balancing approach which must be applied to the instant case:

[W]here an item of dispute is a matter of fundamental concern to the employes' interest in wages, hours and other terms and conditions of employment, it is not removed as a matter subject to good faith bargaining under section 701 simply because it may touch upon basic policy. It is the duty of the Board in the first instance and the courts thereafter to determine whether the impact of the issue on the interest of the employe in wages, hours and terms and conditions of employment outweighs its probable effect on the basic policy of the system as a whole. If it is determined that the matter is one of inherent managerial policy but does affect wages, hours and terms and conditions of employment, the public employer shall be required to meet and discuss such subjects upon

request by the public employe's representative pursuant to section 702. *Id.* at 507, 337 A.2d at 268. Since this balancing approach must be applied on a case-by-case basis we accordingly further limit the issue presented to us to the facts surrounding the smoking policy of the Appellee-School District.

Turning to those facts, counsel stipulated at the time of hearing that the School District's reasons for implementing the smoking ban were the following: its belief that, 1) the ban would further the goal of consistency among ongoing school programs directed against smoking; 2) the ban would be part of a necessary regulatory scheme for students in the public schools; 3) the ban would supplement the role modeling efforts of parents who do not direct their children against smoking; 4) the total ban on smoking, by virtue of its application to School District employees and students alike, would generate respect among students for school authority, thereby improving discipline; 5) the ban would lend recognition to the plight of the non-smoker; and 6) the ban would reflect and emphasize the hazards of smoking.

We conclude that the School District acted in furtherance of its duty to promote education when it adopted the smoking policy. School districts act as agencies of the state legislature in administering the educational progrom within the district. *Slippery Rock Area Joint School System v. Franklin Township School District*, 389 Pa. 435, 133 A.2d 848 (1957). School districts are given broad powers to determine policy relative to education by the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §1-101. Section 211 of the Code, 24 P.S. §2-211 provides that school districts "shall be, and hereby are vested as, bodies corporate, with all necessary powers to enable them to carry out the pro-

visions of this act.'' Section 510 of the Code, 24 P.S. §5-510 gives school boards the power to ''adopt and enforce such reasonable rules and regulations as it may deem necessary and proper, regarding the management of its school affairs and the conduct and deportment of all . . . employes during the time they are engaged in their duties to the district. . . .'' Based on this grant of authority and the unchallenged motivation of the School District in adopting the smoking policy, we find that the ban is a matter of basic educational policy.

This conclusion, however, does not necessarily remove the policy as a subject of mandatory bargaining. We must also determine under the *State College* test whether the policy is a matter of fundamental concern to the interests of the employees in wages, hours and other terms and conditions of employment. We note that, based on substantial evidence, the Board found as fact that teachers and custodians had smoked in School District buildings since at least 1959. The Board, therefore, concluded that smoking had been a working condition. In *State College* the Supreme Court seemingly endorsed the view that ''terms and conditions'' are ''something more than minimal economic terms of wages and hours, *but something less than the basic educational policies* of the board of education.'' *State College,* 461 Pa. at 506, 337 A.2d at 268 (emphasis added). Using this definition we might conclude that smoking is not a working condition in the instant case and thus not a matter of fundamental concern to the employees' interests. Even if it is a working condition, we are convinced that in striking a balance the educational motive behind the policy outweighs any impact on the employees' interests. We repeat that the paramount consideration in reaching this balance is the public interest in providing effective and efficient education for

the School District's students. We, therefore, conclude that the smoking ban is an inherent managerial policy and not a mandatory subject of bargaining.[3]

The remaining issue concerns the possible "meet and discuss" obligation of the School District. All parties to this appeal have presented arguments relative to the "meet and discuss" obligation which can arise where the subject is one of inherent managerial policy but also affects wages, hours and other terms and conditions of employment. A refusal to comply with the requirements of "meet and discuss" constitutes a separate unfair practice under Section 1201 (a)(9) of Act 195, 43 P.S. §1101.1201(a)(9). Because AFSCME failed to charge before the Board that the School District violated Section 1201(a)(9) the issue is not properly before us and will not be addressed.

Finally, due to our conclusion that the smoking policy is not subject to bargaining, we need not consider the issues raised relative to AFSCME's alleged waiver of its right to bargain.

We, accordingly, affirm the order of the court below insofar as it finds the smoking policy to be a matter of inherent managerial policy and not a mandatory subject of bargaining.

ORDER

AND Now, this 12th day of June, 1981, the order of the Court of Common Pleas of Franklin County, dated

---

[3] The Board in its brief filed with this Court argues that an additional impact on the employees' interests in this case is found in the penalty provision of the policy which provides for a written reprimand upon a first violation and the possible institution of termination proceedings for further violations. Neither the Board's decision nor the decision of the court of common pleas discusses this aspect of the policy and AFSCME has at no time to our knowledge argued that the penalty provision is a basis for their challenge to the School District policy. We, accordingly, limit our ruling to the actual ban on smoking and do not address the penalty imposed for breach of the policy.

April 2, 1980 is hereby affirmed insofar as it finds the smoking policy of the Chambersburg Area School District to be a matter of inherent managerial policy and not a mandatory subject of bargaining.

Judge WILLIAMS, JR. dissents.