543 A.2d 1255

Commonwealth of Pennsylvania, Department of Transportation, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Submitted on briefs April 21, 1988, to Judges DOYLE, BARRY and MCGINLEY, sitting as a panel of three.

*Frank A. Fisher, Jr.,* Deputy Chief Counsel, with him, *John D. Raup,* Chief Counsel, for petitioner.

*James L. Crawford,* with him, *Arlene F. Klinedinst,* for respondent.

*Gary Gordon, Kirschner, Walters* & *Willig,* for intervenor, American Federation of State, County and Municipal Employees, Council 13, AFL-CIO.

OPINION BY JUDGE BARRY, June 30, 1988:

The Commonwealth of Pennsylvania, Department of Transportation (DOT) appeals from an order of the Pennsylvania Labor Relations Board (the Board) which, in short, ordered DOT to cease and desist from refusing to collectively bargain with its employee representative

and rescind its revised work rules issued on March 1, 1984. For the reasons set forth below we vacate and remand.

On June 19, 1984, the American Federation of State, County and Municipal Employees, Council 13 (the Union) filed a charge of unfair labor practices against DOT with the Board. The charge alleged that DOT violated Sections 1201(a)(5) and (9) of the Public Employe Relations Act.[1] The facts giving rise to the charge are not complicated. Since 1978 DOT has established work rules for its employees. In 1980 DOT revised its work rules and in March of 1984 it revised its rules again. The Union first became aware of the 1984 revisions following their publication and submission to the employees by DOT's Director of Personnel.

The Union contacted DOT and requested a meeting to discuss the rule changes. The requested meeting never took place due to a disagreement as to the number of Union employees who would be allowed to attend the meeting. The Union then filed its charge with the Board.

Following a hearing before a Board Hearing Examiner, a proposed decision and order was issued which concluded that DOT had violated Sections 1201(a)(5) and (9) of the Act by failing to collectively bargain in good faith over the issue of changes to the work rules. The Hearing Examiner reached this conclusion by find-

---

[1] Act of July 23, 1970, P.L. 563, 43 P.S. §§1101.1201(a)(5) and (9):

(a) Public employers, their agents or representatives are prohibited from:

(5) Refusing to bargain collectively in good faith with an employe representative which is the exclusive representative of employes in an appropriate unit. . . .

. . . .

(9) Refusing to comply with the requirements of 'meet and discuss.'

ing that the implementation of the revised work rules was a subject of mandatory collective bargaining under Section 701 of the Act[2] rather than one of "inherent managerial policy" within the meaning of Section 702 of the Act.[3]

DOT filed exceptions to the Hearing Examiner's proposed decision and order with the Board. The Board, without oral argument, dismissed DOT's exceptions and affirmed the Hearing Examiner. DOT then appealed to this Court.

Our scope of review is limited to determining whether there has been a constitutional violation or an error of law, and whether the findings of fact are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986), *Harbaugh v. Pennsylvania Labor Rela-*

---

[2] 43 P.S. §1101.701 provides:

Collective bargaining is the performance of the mutual obligation of the public employer and the representative of the public employes to meet at reasonable times and confer in good faith with respect to wages, hours and other items and conditions of employment, or the negotiation of an agreement or any question arising thereunder and the execution of a written contract incorporating any agreement reached but such obligation does not compel either party to agree to a proposal or require the making of a concession.

[3] 43 P.S. §1101.702 provides:

Public employers shall not be required to bargain over matters of inherent managerial policy, which shall include but shall not be limited to such areas of discretion or policy as the functions and programs of the public employer, standards of services, its overall budget, utilization of technology, the organizational structure and selection and direction of personnel. Public employers, however, shall be required to meet and discuss on policy matters affecting wages, hours and terms and conditions of employment as well as the impact thereon upon request by public employe representatives.

*tions Board,* 107 Pa. Commonwealth Ct. 406, 528 A.2d 1024 (1987).

DOT's principal argument to this Court is that the Board applied the balancing test as set forth by our Supreme Court in *Pennsylvania Labor Relations Board v. State College Area School District,* 461 Pa. 494, 337 A.2d 262 (1975) in an improper manner. In *State College* the Court addressed one of the aspects of the relationship between Sections 701 and 702 of the Act. In determining that a balance must be struck between the mandatory subjects of bargaining of Section 701 and those managerial prerogatives of Section 702 the Court stated, "In striking this balance the paramount concern must be the public interest in providing for the effective and efficient performance of the public service in question." *Id.* at 506, 337 A.2d at 268. It went on to explain that:

> [W]here an item of dispute is a matter of fundamental concern to the employes' interest in wages, hours and other items and conditions of employment, it is not removed as a matter subject to good faith bargaining under section 701 simply because it may touch upon basic policy. It is the duty of the Board in the first instance and the courts thereafter to determine whether the impact of the issue on the interest of the employe in wages, hours and terms and conditions of employment outweighs its probable effect on the basic policy of the system as a whole. If it is determined that the matter is one of inherent managerial policy but does affect wages, hours and terms and conditions of employment, the public employer shall be required to meet and discuss such subjects upon request by the public employe's representative pursuant to section 702.

*Id.* at 507, 337 A.2d at 268.

In *Chambersburg Area School District v. Pennsylvania Labor Relations Board,* 60 Pa. Commonwealth Ct. 29, 430 A.2d 740 (1981) this Court determined that the balancing approach of *State College* must be applied on a case-by-case basis. The proper application of the *Chambersburg* direction necessarily leads us to the conclusion that *State College* must be applied not only on a case-by-case basis but on an issue-by-issue basis as well.

This approach was specifically adopted by the United States Court of Appeals for the District of Columbia in *Newspaper Guild of Greater Philadelphia, Local 10 v. National Labor Relations Board,* 636 F.2d 550 (D.C. Cir. 1980). As Chairman Scalera of the Pennsylvania Labor Relations Board noted in his dissent in the case before us the Court in *Newspaper Guild* determined that *each* substantive work rule implemented by the employer in that case should have been evaluated individually by the National Labor Relations Board to determine whether there was a duty to bargain over that provision. That Court stated:

> In regard to substantive rules, the [National Labor Relations] Board made no attempt to distinguish between those provisions of the Code [of Ethics] which, while central to the [employer's] interest in the preservation of its legitimate managerial prerogatives, affect the employees only minimally, and those which, although not essential to the [employer's] freedom to conduct its business, do have a significant impact on the employees. Yet such a distinction must be made.
>
> . . .

*Id.* at 561.

The factual situation in the case before us illustrates the wisdom of the adoption of the approach taken by the Court in *Newspaper Guild*. Here, DOT implemented at least ten different changes to its work rules. It is pos-

sible that some of the changes would fall within the scope of Section 701 and must be collectively bargained while others would fall within the scope of Section 702 requiring only that the parties meet and discuss those changes, while still others may fall within that portion of Section 702 which does not require the parties to meet and discuss.

This Court lacks the expertise necessary to engage in a *State College* analysis of each work rule implemented by DOT. Accordingly, having found that the Board improperly examined DOT's changes to its work rules by analyzing the changes as a whole we vacate its order and remand the case for a rule-by-rule analysis not inconsistent with this opinion.

We also note that DOT argues that the Board erred in finding that it had in fact failed to "meet and discuss." Because of our conclusion that this case must be remanded as discussed above we need not discuss the merits of this argument. Whether an employer is required to bargain collectively pursuant to Section 1201(a)(5) of the Act or meet and discuss pursuant to Section 1201(a)(9) of the Act is a function of whether the Board determines whether DOT's work rule changes fall within the scope of Section 701 or 702 of the Act. Our remand for an individualized *State College,* Section 701, 702 analysis renders this argument moot as a part of this appeal.

## ORDER

NOW, June 30, 1988, the order of the Pennsylvania Labor Relations Board at Case No. PERA-C-84-369-E, dated November 17, 1986, is hereby vacated and the record in this case is remanded to the Board for proceedings not inconsistent with this opinion.

Jurisdiction is relinquished.