570 A.2d 108

ABINGTON TRANSPORTATION ASSOCIATION,
PSSPA/PSEA, and Abington School District,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA
LABOR RELATIONS BOARD. (Two Cases)

Appeal of ABINGTON SCHOOL DISTRICT.

Appeal of ABINGTON TRANSPORTATION
ASSOCIATION, PSSPA/PSEA.

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1989.

Decided Feb. 1, 1990.

Kenneth L. Oliver, Jr., with him, Marjorie H. Gordon, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, for appellant, Abington School Dist.

Leonard V. Tenaglia, Richard, DiSanti, Hamilton & Gallagher, Media, for appellant, Abington Transp. Ass'n, PSSPA/PSEA.

Peter Lassi, Camp Hill, with him, James L. Crawford, Harrisburg, for appellee, Pa. Labor Relations Bd.

Before CRUMLISH, Jr., President Judge, and McGINLEY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Abington School District (District) and Abington Transportation Association, PSSPA/PSEA (Association) have filed cross-appeals from an order of the Court of Common Pleas of Montgomery County that affirmed an order of the Pennsylvania Labor Relations Board (PLRB). We affirm.

The controversy concerns the District's duty under the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301, to bargain with the Association concerning thirty-nine unilaterally promulgated written work rules and penalties which affected these school bus drivers.[1]

---

1. "CLASS I—(Subject to Immediate Dismissal)
 The following is a partial list of the kind of improper conduct which, when engaged in, shall constitute grounds for disciplinary action, including immediate discharge:

Note 1—Continued

1. Dishonesty, including any falsification or misrepresentation, providing incomplete, misleading or incorrect information in connection with the preparation of any District records, including an application for employment.

2. Ringing the time card of another employee or permitting another employee to ring your time card.

3. Stealing or sabotage of equipment, tools and/or other property belonging visitor [sic], employee or the District.

4. Removal from the District premises of any District property or property of others without proper authorization.

5. Willful damage, abuse or destruction of District property or the property of others.

6. Absence from the District for three (3) consecutive days without authorization or acceptable excuse.

7. Possession, sale or use of intoxicating beverages or drugs on District property or reporting for work under the influence of intoxicating beverages or drugs.

8. Unauthorized use, possession, conveyance or storage of any firearms, explosives or other dangerous weapons on District property.

9. Insubordination, including refusal to perform work required by a supervisor.

10. The use of profane, abusive or threatening language toward other employees, students, guests or supervisors.

11. Fighting, coercing, interfering with or threatening bodily injury to other employees, students, guests or supervisors.

12. Gambling of any kind, including but not limited to bookmaking or number writing.

13. Immoral conduct or indecency.

14. Any act which might endanger the safety or life of others.

15. Willful, deliberate or repeated violation of District safety rules.

16. Deliberate delaying or restricting services or work effort or inciting others to delay or restrict same.

17. Failure to report to work upon expiration of a vacation, holiday, or leave of absence or upon being called back, after a layoff, or when all leave time is exhausted.

18. Disclosure of confidential District information to unauthorized persons; and

19. Engaging in any outside employment which interferes with availability for work or ability to perform work.

CLASS II—(Warning before disciplinary action)

The following is a partial list of improper conduct which, when engaged in, will constitute grounds for the issuance of a warning before more severe disciplinary action is taken up to and including discharge.

1. Engaging in horseplay.

2. Carelessness or recklessness causing damage to, defacement or destruction of building, equipment or other District property or the property of others.

The facts are summarized as follows. The Association and District were parties to a collective bargaining agreement (CBA) which was in effect by its terms from July 1, 1983 to June 30, 1986. On February 26, 1986, the representatives of the parties were engaged in the collective bargaining process when the director of personnel for the District presented the list of unilaterally promulgated work rules and their concomitant penalties (rules) to the Association which were to go into effect at 6:00 p.m. the following day. The Association responded that the rules would have to be negotiated, but it was the District's position that the rules represented the District's understanding of the current practice and were therefore, not subject to any bargaining obligation.

On May 30, 1986, after the rules became effective, the Association filed a charge of unfair labor practice with the PLRB alleging the District violated Sections 1201(a)(1) and 1205(a)(5) of PERA, 43 P.S. § 1101.1201(a)(1) and 43 P.S. § 1101.1201(a)(5).[2]

Note 1—Continued
3. Smoking in restricted areas.
4. Unsatisfactory work performance.
5. Excessive tardiness or absenteeism.
6. Posting, writing on or defacing bulletin boards, walls, equipment or other material or altering or removing notices therefrom.
7. Leaving regularly assigned work location without notifying your immediate supervisor.
8. Creating or contributing to unsanitary or otherwise poor housekeeping conditions.
9. Reckless driving or parking improperly on District premises.
10. Failure to observe department working hour schedule, starting time, rest and meal periods.
11. Sleeping, loafing or other abuse of time during assigned working hours.
12. Interfering with any employees' performance of duties.
13. Performing unauthorized personal work on District time; and/or with District equipment or supplies.
14. Failure to punch time card as instructed.
15. Violation of two (2) or more of the above-stated work rules during any twenty-four (24) hour period of time may result in immediate discharge.

2. Sections 1201(a)(1) and (5) of PERA provide:
Section 1201. (a) Public employers, their agents or representatives are prohibited from:

On August 20, 1987, after failed negotiations and two days of hearings, the Board's hearing examiner issued a proposed decision and order in which he determined that some of the work rules were mandatory subjects of bargaining and others were matters of inherent managerial prerogative. Both parties filed objections to the proposed decision and order. The PLRB dismissed the objections and issued a final order. Thereafter, both the Association and the District filed petitions for review to the trial court which affirmed the PLRB's final order. These cross appeals then followed.[3]

In essence, the parties' arguments are mirror images of each other. The District argues that the PLRB went too far in finding that some of the rules were mandatory subjects of bargaining while the Association argues that the PLRB did not go far enough because it found that some of the rules were matters of inherent managerial prerogative and thus, not subject to mandatory negotiation.[4]

■ Our scope of review of a final order of the PLRB is limited. The PLRB's findings are conclusive if supported by substantial evidence and if the conclusions drawn from those facts are reasonable and not capricious, arbitrary or illegal. *Delaware County Solid Waste Authority v. Pennsylvania Labor Relations Board*, 125 Pa.Commonwealth Ct. 155, 557 A.2d 795 (1989). In *Pennsylvania Labor Relations Board v. Butz*, 411 Pa. 360, 377, 192 A.2d 707,

(1) Interfering, restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act.

\* \* \* \* \* \*

(5) Refusing to bargain collectively in good faith with an employe representative which is the exclusive representative of employes in an appropriate unit, including but not limited to the discussing of grievances with the exclusive representative.

3. The appeals filed by the parties were consolidated, both at the trial court and on appeal to this Court.

4. The District raises before this Court for the first time the argument that the PLRB's and the trial court's decision imposes an unreasonable burden upon the District's resources. Upon review of the record, this issue was not raised below and therefore, is deemed waived. *Beecham Enterprises, Inc. v. Zoning Hearing Board of Kennedy Township*, 125 Pa.Commonwealth Ct. 20, 556 A.2d 981 (1989).

716 (1963), our Supreme Court stated that it "will not lightly substitute its judgment for that of a body selected from experts whose experience and expertise make it better qualified than a court of law to weigh facts within its field."

 In this case, neither the Association nor the District challenge the PLRB's findings of fact, therefore our review will focus upon the legal conclusions reached by the PLRB. *Pennsylvania Labor Relations Board v. APSCUF/PAHE*, 24 Pa.Commonwealth Ct. 337, 355 A.2d 853 (1976). The central issue before the Board was whether the District unilaterally changed mandatory subjects of bargaining under Section 701 of PERA, 43 P.S. § 1101–701,[5] or whether the rules were matters of inherent managerial prerogative under Section 702 of PERA, 43 P.S. § 1101.702.[6]

The PLRB determined that the District had committed an unfair labor practice. Certain rules, which are summarized in shortened form, were determined to be mandatory subjects of bargaining or vague and overbroad:

CLASS I

2. Ringing time card of another employe

3. Absence for three consecutive days

5. Section 701 of PERA provides:
 Section 701. Collective bargaining is the performance of the mutual obligation of the public employer and the representative of the public employes to meet at reasonable times and confer in good faith with respect to wages, hours and other terms and conditions of employment, or the negotiation of an agreement or any question arising thereunder and the execution of a written contract incorporating any agreement reached but such obligation does not compel either party to agree to a proposal or require the making of a concession.

6. Section 702 of PERA provides:
 Section 702. Public employers shall not be required to bargain over matters of inherent managerial policy, which shall include but shall not be limited to such areas of discretion or policy as the functions and programs of the public employer, standards of services, its overall budget, utilization of technology, the organizational structure and selection and direction of personnel. Public employers, however, shall be required to meet and discuss on policy matters affecting wages, hours and terms and conditions of employment as well as the impact thereon upon request by public employe representatives.

7. Possession, sale or use of drugs/alcohol (vague and overbroad)

9. Insubordination

10. Abusive language (vague and overbroad)

13. Immoral conduct (vague and overbroad)

14. Dangerous acts (vague and overbroad)

15. Violation of safety rules

16. Slowdowns

17. Failure to report

18. Disclosure of confidential information (vague and overbroad)

19. Outside employment

CLASS II

1. Horseplay

4. Unsatisfactory work performance

5. Tardiness/absenteeism

6. Defacing walls, equipment

7. Leaving work station

8. Poor housekeeping

10. Abuse of start and break times

11. Sleeping/loafing

12. Interference with other employes (vague and overbroad)

14. Failure to punch time card

15. Violation of two or more Class II rules within twenty-four hours

PLRB's decision of February 12, 1988 at 2. Rules determined to fall under inherent managerial prerogative were:

CLASS I

1. Dishonesty, falsification or misrepresentation of District records

3. Stealing

4. Removal of District or other property without authorization

5. Willful damage of District or other property

8. Use, possession or storage of firearms/explosives

11. Fighting

12. Gambling

CLASS II

2. Careless or reckless damage to District or other property/equipment

3. Smoking in restricted areas

9. Reckless driving/parking

13. Unauthorized personal work on District time

*Id.* at 3.

The PLRB's final order explained in detail how it balanced each rule weighing the District's interest in the rule against the Association's interest in job security.

To determine whether an issue is a mandatory subject of bargaining, our Supreme Court held in *Pennsylvania Labor Relations Board v. State College School District*, 461 Pa. 494, 507, 337 A.2d 262, 268 (1975) (*State College*) that:

Where an item of dispute is a matter of fundamental concern to the employes' interest in wages, hours and other terms and conditions of employment, it is not removed as a matter subject to good faith bargaining under Section 701 simply because it may touch upon the basic policy. It is the duty of the Board in the first instance and the courts thereafter to determine whether the impact of the issue on the interest of the employe in wages, hours and terms and conditions of employment outweighs its probable effect on the basic policy of the system as a whole.

In *Chambersburg Area School District v. Pennsylvania Labor Relations Board*, 60 Pa.Commonwealth Ct. 29, 430 A.2d 740 (1988) *appeal dismissed*, 498 Pa. 366, 446 A.2d 603 (1982), (*Chambersburg*), this Court upheld the school's right to unilaterally prohibit smoking as an inherently managerial prerogative using the balancing test established in *State College* stating that:

Even if [the smoking ban] is a working condition, we are convinced that in striking a balance of educational motive behind the policy outweighs any impact on the employes' interests. We repeat that the paramount consideration in reaching this balance is the public interest in providing effective and efficient education for the School District's students. We, therefore, conclude that the smoking ban is an inherent managerial policy and not a mandatory subject of bargaining.

*Id.* 60 Pa.Cmwlth. at 35, 430 A.2d at 744.

By applying the test set forth in *State College,* and continued in *Chambersburg,* the PLRB here, determined that certain rules were subject to mandatory bargaining because they impacted the Association's interest in working conditions while others were inherent managerial prerogatives, related to the District's goal of maintaining effective and efficient education for students.

Upon a careful review of the record, we find that the PLRB properly applied the balancing test set forth in *State College* and *Chambersburg* in reaching its conclusions. Because of this Court's narrow scope of review and the fine analysis of each rule made by the PLRB, in their expertise, we see no reason to reverse the trial court's affirmance of the PLRB's order.

Accordingly, the order of the Court of Common Pleas of Montgomery County is hereby affirmed.

### ORDER

AND NOW, this 1st day of February, 1990, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.