COUNTY OF DELAWARE

v.

**PENNSYLVANIA LABOR RELATIONS BOARD and Teamsters Local 77.**

**Pennsylvania Labor Relations Board, Appellant.**

County of Delaware

v.

Pennsylvania Labor Relations Board and Teamsters Local 77.

**Teamsters Local 77, Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 20, 1999.
Decided June 16, 1999.

Peter Lassi, Harrisburg, for appellant.

Paul D. McNichol, Media, for appellee, County of Delaware.

Before COLINS, President Judge, and LEADBETTER, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

This case involves the appeals of the Pennsylvania Labor Relations Board (PLRB) and Teamsters Local 77 (the Union) from an order of the Court of Common Pleas of Delaware County (trial court), reversing a decision of the PLRB concluding that the County of Delaware (County) had violated Section 1201(a)(1)

and (5) of the Public Employe Relations Act (PERA)[1]. We now reverse.

The findings of fact made by the PLRB are based on a stipulation between the County and the Union and are not in dispute. The Union is the certified bargaining representative of a unit of employees who work at the County's Fair Acres Geriatric Center. The County and the Union have entered into a series of collective bargaining agreements with respect to these employees, the most recent of which became effective on December 1, 1995. This agreement included provisions regarding compensation for work-related injuries.

In 1993, in accordance with the provisions of the Pennsylvania Workers' Compensation Act (WC Act),[2] the County established a panel of five physicians and informed its employees that they must seek treatment from one of the physicians on the panel for a period of thirty days in order to receive reimbursement for medical expenses incurred because of a work-related injury.[3] However, the WC Act was again amended in 1996, requiring employers to provide employees with a list of at least six physicians with whom the employees must treat for a period of ninety days, as opposed to the previous thirty days.

In accordance with the 1996 amendment, the County, in January of 1997, changed the composition of the panel of physicians and notified employees that they must now seek treatment from such physicians for a period of ninety days. In February of 1997, the Union became aware of the County's implementation of these changes and requested bargaining over the same. The County did not respond to the Union's request. On or about June 10, 1997, the Union was advised that an employee had been denied workers' compensation benefits because she did not seek treatment from a panel physician for ninety days.

Thereafter, on June 16, 1997, the Union filed an unfair labor practices charge with the PLRB, alleging that the County's unilateral implementation of the ninety-day treatment period and refusal to bargain the matter violated Section 1201(a)(1) and (5) of the PERA. In July of 1997, the Secretary of the PLRB issued a complaint and notice of hearing. A hearing examiner appointed by the PLRB later conducted a hearing. Following the hearing, the hearing examiner entered a proposed decision and order (PDO) concluding that the County had violated the aforementioned sections of PERA.

The County filed exceptions to the PDO and the Union filed a response thereto. The PLRB then entered a final order dismissing the County's exceptions and making the PDO absolute and final. The County petitioned the trial court for review. The trial court ultimately reversed the PLRB's final order, concluding that the issue of the length of the treatment period was discretionary under the WC Act and was not a subject of mandatory bargaining. The PLRB and the Union then filed appeals with this Court.[4]

On appeal,[5] the PLRB and the Union argue that the trial court erred in revers-

1. Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.1201(a)(1), (5).

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

3. Specifically, see Section 306(f.1)(1)(i) of the WC Act, 77 P.S. § 531(1), which was amended in 1993 to provide for the action taken by the County in that same year.

4. By order of this Court dated February 9, 1999, the appeals of the PLRB and the Union were consolidated for disposition.

5. Our scope of review of PLRB cases, where the appeal is initially taken to a trial court, is the same as that of the trial court and is limited to determining whether the PLRB's findings are supported by substantial evidence and whether the conclusions drawn therefrom are reasonable and not arbitrary, capricious or illegal. *Philadelphia Housing Authority v. Pennsylvania Labor Relations Board,* 153 Pa.Cmwlth. 20, 620 A.2d 594 (1993), *petition for allowance of appeal denied,* 536 Pa. 634, 637 A.2d 294 (1993).

ing the decision of the PLRB, as the PLRB had reasonably concluded that the County had violated Section 1201(a)(1) and (5) of the PERA. We agree.

■ The law is well settled that an employer commits an unfair labor practice by making a unilateral change in a subject of mandatory bargaining without prior collective bargaining with the designated employee representative. *See Commonwealth v. Pennsylvania Labor Relations Board,* 74 Pa.Cmwlth. 1, 459 A.2d 452 (1983). This principle is further defined in Section 1201(a)(1), (5) of PERA, which provides, in pertinent part, as follows:

(a) Public employers, their agents or representatives are prohibited from:

(1) Interfering, restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this Act.

.     .     .     .     .

(5) Refusing to bargain collectively in good faith with an employe representative which is the exclusive representative of employes in an appropriate unit, including but not limited to the discussing of grievances with the exclusive representative.

Additionally, we must look to PERA to determine what are the subjects of mandatory bargaining. Section 701 of PERA, 43 P.S. § 1101.701, provides that "wages, hours and other terms and conditions of employment" are subjects of mandatory bargaining. However, matters of inherent managerial policy and matters to which the employer may not agree because of prohibitive language in another statute are not subjects of mandatory bargaining. *See* Sections 702 and 703 of PERA, 43 P.S. §§ 1101.702, 1101.703.

Our Supreme Court had opportunity to comment on the subjects of mandatory bargaining in the seminal case of *Pennsylvania Labor Relations Board v. State College Area School District,* 461 Pa. 494, 337 A.2d 262 (1975). In that case, the Court held that a balancing test was appropriate to determine whether a subject was part of mandatory bargaining. Specifically, the Court held that, first, the PLRB, and second, the courts, must determine "whether the impact of the issue on the interest of the employe in wages, hours and terms and conditions of employment outweighs its probable effect on the basic policy of the system as a whole." *State College Area School District,* 461 Pa. at 507, 337 A.2d at 268.

Further, the Court held that a particular subject is removed from mandatory bargaining through operation of Section 703 of PERA only where "other applicable statutory provisions explicitly and definitively prohibit the public employer from making an agreement as to that specific term or condition of employment." *State College Area School District,* 461 Pa. at 510, 337 A.2d at 270. Moreover, in *City of Pittsburgh v. Pennsylvania Labor Relations Board,* 153 Pa.Cmwlth. 622, 621 A.2d 1224, 1226–1227 (1993), *reversed on other grounds,* 539 Pa. 535, 653 A.2d 1210 (1995), this Court held that "[t]he mere fact that a particular subject matter is covered by legislation does not remove it from the collective bargaining requirements of 701. The removal from collective bargaining results when to do otherwise would be in direct violation of a statutory mandate."

In the instant case, the hearing examiner appointed by the PLRB conducted the balancing test as described by our Supreme Court in *State College Area School District.* In his PDO, the hearing examiner determined that the length of time an employee treats with a panel physician could have a determinative impact on the injured employee's medical status. In addition, the hearing examiner determined that the PLRB has consistently deemed such health benefit impacts to outweigh the employer's interests in unilaterally implementing terms with respect to the same. Hence, the hearing examiner concluded that the length of the treatment period with a panel physician was a subject of mandatory bargaining.

In its final order, the PLRB dismissed the exceptions filed by the County with respect to the PDO and made the PDO absolute and final. In this order, the PLRB again noted its prior precedent wherein it held that an employer's implementation of a panel of physicians for treatment of work-related injuries had a greater impact on the employee's interest in wages, hours and working conditions than on the basic policy of the employer as a whole.[6]

Following the logic of that precedent, the PLRB then reasonably concluded that the issue of the length of the treatment period had a greater effect on employee interests than on the interest of the employer as a whole, and hence, was a subject of mandatory bargaining. To the contrary, the trial court neither conducted a balancing test nor disputed the PLRB's findings with respect to the application of the same. Instead, the trial court's opinion simply considered whether the WC Act permitted bargaining with respect to the issue of the length of the treatment period. In doing such, the trial court erred.

 Moreover, we disagree with the trial court's conclusion that the issue of the length of the treatment period was discretionary under the WC Act and not a subject of mandatory bargaining. The WC Act encourages bargaining on such an issue. Specifically, Section 450(a)(3) of the WC Act, 77 P.S. § 1000.6(a)(3), provides that an employer and the certified representative of its employees may agree by collective bargaining to establish certain binding obligations with respect to the issue of "the use of a limited list of providers for medical treatment **for any period of time agreed upon by the parties.**" (Emphasis added.)

The County contends that Section 450(b) of the WC Act, 77 P.S. § 1000.6(b), recognizes the right of a party to refuse to bargain over an issue such as the length of the treatment period. We disagree. This Section of the WC Act provides that "[n]othing contained in this section shall in any manner affect the rights of an employer or its employes in the event that the parties to a collective bargaining agreement refuse or fail to reach agreement concerning the matters referred to in clause (a)." While this Section recognizes the right of either party to refuse to agree to the other's proposal, it does not recognize a right of a party to refuse to bargain altogether.

Accordingly, the order of the trial court is reversed.

Judge LEADBETTER dissents.

### *O R D E R*

AND NOW, this 16th day of June, 1999, the order of the Court of Common Pleas of Delaware County is reversed. The final order of the Pennsylvania Labor Relations Board, dated March 24, 1998, is hereby reinstated.

---

6. *See Woodland Hills School District,* 22 PPER ¶ 22026 (Final Order, 1991).