Dear Mr. Downs:
Your request for an Attorney General's Opinion, on behalf of Rapides Parish School Board, has been forwarded to me for research and response. In your opinion request, you ask "whether the board can enact a blanket prohibition against smoking on any school property, including open areas?"
Included with your opinion request are references to the research which led you to submit this opinion request, including LSA-R.S. 17:240 (Prohibition against use of tobacco in schools;prohibition against smoking on school bus; rules andregulations) and LSA-R.S. 40:1300.41 et seq. (Smoking in PublicPlaces — Restrictions). We agree that those are the applicable statutes to this situation; but, for context, would add LSA-R.S.40:1300.21 et seq. (Louisiana Office Indoor Clean Air Law) and AG Opinion Number 87-787 (attached hereto) which concluded that a school board does have the authority to enact a ban on the use of all tobacco products in and on school properties, including vehicles.
At the time that AG Opinion Number 87-787 was written (in 1987), we noted: "We are cognizant of no state law on this subject, other than the general authority given a school board under La. R.S. 17:81 to make rules and regulations for its own government." Thereafter, in 1992, the Legislature enacted LSA-R.S. 40:1300.21, et seq. (Louisiana Office Indoor Clean AirLaw) and LSA-R.S. 17:240 (Prohibition against use of tobacco inschools; prohibition against smoking on school bus; rules andregulations). And, in 1993, the Legislature enacted LSA-R.S.40:1300.41 et seq. (Smoking in Public Places — Restrictions).
As originally enacted, the Louisiana Office Indoor Clean AirLaw and the Smoking in Public Places — Restrictions law both contained "preemptive" language which acted to prohibit the imposition of more restrictive or stringent ordinances or regulations by state agencies, parishes, municipalities, or other political subdivisions of the state. In 2003, the Legislature removed this "preemptive" language in favor of language which expressly authorized the adoption of "additional ordinances, rules, or regulations which are more stringent than the provisions of this Part." (See identicallanguage included in LSA-R.S. 40:1300.26(A) and 40:1300.46(A)).
However, LSA-R.S. 17:240 (Prohibition against use of tobacco inschools; prohibition against smoking on school bus; rules andregulations) was untouched.
As you correctly state in the opinion request, LSA-R.S.40:1300.41 et seq. (Smoking in Public Places — Restrictions) ostensibly regulates smoking in public places; yet, in paragraph 3(b) provides a list of excepted places to which it does not apply. Paragraph 3(b) states: "Public place does not include any area subject to R.S. 40:1300.25 and 1300.26; R.S. 40:2115; R.S.17:240; R.S. 40:2100, et seq." As LSA-R.S. 17:240 is specifically applicable to schools and school property, it is unquestionably applicable.
LSA-R.S. 17:240 states (in toto):
 A. For purposes of this Section the following terms shall have the following meanings unless the context clearly indicates otherwise:
 (1) "School building" means any building located on the property of any elementary or secondary school, state schools for the deaf, blind, spastic, and cerebral palsied and schools in Special School District No. 1.
 (2) "Smoking" means possession of a lighted cigar, cigarette, pipe, or any other lighted tobacco product.
 B. (1) Notwithstanding any other provision of law, no person shall smoke, chew, or otherwise consume any tobacco or tobacco product in any elementary or secondary school building.
 (2) No person shall smoke or carry a lighted cigar, cigarette, pipe, or any other form of smoking object or device on the grounds of any public or private elementary or secondary school property or state schools for the deaf, blind, spastic, and cerebral palsied and schools in Special School District No. 1, except in an area specifically designated as a smoking area.
 (3) Smoking shall be prohibited on any school bus transporting children attending any public elementary or secondary school.
 C. (1) The governing authority of each public elementary or secondary school shall and any governing authority of any nonpublic elementary or secondary school may adopt necessary rules and regulations to assure compliance with the provisions of this Section.
 (2) The governing authority of each public elementary or secondary school and each nonpublic elementary or secondary school may provide for appropriate penalties for violators, including but not limited to disciplinary action or a fine not to exceed two hundred dollars, or both.
 (3) The provisions of this Section shall be enforced by the local superintendents of education or their designees pursuant to any rules, regulations, and penalties promulgated pursuant to this Section.
 D. Nothing in this Section shall apply to a home study program approved by the State Board of Elementary and Secondary Education in accordance with the provisions of R.S. 17:236.1.
In Paragraph B, the statute clearly prohibits smoking in any elementary or secondary school building, on the grounds of any public or private elementary or secondary school property [or certain other listed state schools], and on any school bus transporting children attending any public elementary or secondary school. The only express exception to the Paragraph B(2) prohibition against smoking or carrying a lighted cigar, cigarette, pipe, [or other smoking device] on school property is in the last sentence of B(2), which states: "except in an area specifically designated as a smoking area."
The question may arise — Why not just never designate asmoking area and thereby prohibit, de facto, all smoking onschool property? It is inarguable that smoking tobacco causes adverse health consequences to smokers and those exposed to continued secondhand smoke. And, establishing a "smoking area" probably perpetuates the mixed-message sent to impressionable youth that, while smoking tobacco is harmful to your health, we still set aside a place for it on our school grounds. However, we are bound by the clear language of the statute which contemplates the designation of a smoking area on school property; and, by the long line of Louisiana jurisprudence which requires that we give effect to all parts of a statute to avoid rendering null any part thereof. "Courts should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided." Richard v. Hall, 874 So.2d 131, 149 (La. 4/23/04).
It is, of course, within the discretion of the school board to choose the appropriate size and location for the "designated smoking area."
I trust this answers your inquiries. Feel free to contact this office should you require further assistance.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
OPINION NUMBER 87-787 Mr. Robert L. Hammonds Attorney General of Louisiana — Opinion. January 25, 1988.
94 SCHOOLS SCHOOL DISTRICTS Administration
100 SCHOOLS SCHOOL DISTRICTS Teachcrs. students. etc.
School board has authority to adopt a policy barring the use of all tobacco products in or on school properties. including vehicles.
La. R.S. 17:81
Mr. Robert L. Hammonds WARD HAMMONDS Post Office Box 65236 Baton Rouge, Louisiana 70896
Dear Mr. Hammonds:
You have requested an opinion regarding the authority of a school board to enact a ban on the use of all tobacco products in and on school properties, including vehicles.
We are cognizant of no state law on this subject, other than the general authority given a school board under La. R.S. 17:81
to make rules and regulations for its own government.
In Chambersburg Area School District v. Penn. Labor RelationsBoard, 430 A.2d 740 (1981), a ban on smoking in public buildings was upheld as an inherent management decision by the school board. The court listed six educational motives behind the smoking ban: (1) the ban was consistent with anti-smoking programs at the schools; (2) the ban served as part of the regulatory scheme for the students; (3) the ban allowed all school employees to serve as role models to the students; (4) the ban generated respect from students and improved discipline; (5) the ban recognized the plight of the non-smoker; and (6) the ban emphasized the hazards of smoking.
It is the opinion of this office that a policy prohibiting the use of all tobacco products in or on school properties, including vehicles, should such policy state the educational and managerial motives behind it, would outweigh any impact upon employees' interests and would be within the school board's authority to adopt.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General